## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**KENNETH ANDREWS**                                             **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 3:23-CV-P187-JHM**

**SARAH JESSIE FERGUSON** *et al.*                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Andrews filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.  The complaint is before the Court for initial screening pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will allow one of the claims to proceed and dismiss the other claims.

### I. SUMMARY OF ALLEGATIONS

Plaintiff was a convicted inmate at the Roederer Correctional Complex (RCC) at the time pertinent to the complaint.  Plaintiff sues the Kentucky Department of Corrections (KDOC) and RCC Warden Sarah Jessie Ferguson, RCC Sergeant Brent Bond, and KDOC Commissioner Cookie Crews in their individual and official capacities.

Plaintiff states that on November 18, 2022, Defendant Bond "used excessive force on Plaintiff by Grabbing the plaintiff's throat and choking him and then slamming him to the ground and using vulgar language causing Plaintiff physical injury or harm."[1]  He states, "All of this occurred after plaintiff was in handcuffs and was no threat to himself or the Defendants."  He continues that "due to the severity of the attack, Plaintiff believed Defendants were going to kill him and screamed out for help hoping someone would come to his rescue."  Plaintiff alleges that this was a violation of his Fourth Amendment rights.

---

[1] In summarizing Plaintiff's allegations herein, the Court quotes from the allegations in Plaintiff's complaint filed on his own paper and not the subsequent complaint filed on the Court-supplied § 1983 form.

Plaintiff further states that "the Official in charge was Warden Sarah J. Ferguson on Friday November 18th, 2022." He asserts that "Defendant Commissioner Cookie Crews was and is still the commissioner of the Kentucky Department of Corrections overseeing the Staff at the [RCC]." He maintains that he "suffered and continues to suffer from serious injury."

Plaintiff enumerates the following six claims, which the Court will address in turn: "§ 1983 Refusal or Neglect to Prevent Harm"; intentional infliction of emotional distress; negligence; gross negligence; deliberate indifference under the Eighth Amendment; and excessive force under the Fourth Amendment.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of

2

legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard thans s pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

### 1. § 1983 claims

#### A. KDOC and official-capacity claims

Plaintiff sues KDOC and the other three named Defendants in their official capacities.  A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Therefore, Plaintiff's claims against KDOC and his official-capacity claims against all other Defendants must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.[2]

#### B. Individual-capacity claims

#### 1. Excessive force incident

Plaintiff alleges a claim of excessive force under the Fourth Amendment.  Excessive force can be raised under the Fourth, Eighth, and Fourteenth Amendments. *Burgess v. Fischer*, 735 F.3d

---

[2] While Plaintiff does not name Roederer Correctional Complex (RCC) as a Defendant in the caption or "Parties" section of the complaint, he refers to RCC as a Defendant in the body of his complaint.  Even if Plaintiff had named RCC as a Defendant, however, the claims against it would fail for the same reasons the claims against KDOC fail.

462, 472 (6th Cir. 2013). "Which amendment should be applied depends on the status of the plaintiff at the time of the incident; that is, whether the plaintiff was a free citizen, convicted prisoner, or fit in some gray area in between the two." *Id.* The Fourth Amendment applies to free citizens; the Eighth Amendment applies to convicted persons; and the Fourteenth Amendment applies to pretrial detainees. *Id.* Because Plaintiff was a convicted inmate at the time of the alleged incident, Plaintiff's excessive force claim under the Fourth Amendment must be dismissed for failure to state a claim upon which relief may be granted.

Upon consideration, <u>the Court will allow Plaintiff's excessive force claim under the Eighth Amendment to proceed against Defendant Bond in his individual capacity</u>. In allowing the claim to proceed, the Court passes no judgment on its merit or ultimate outcome.

To the extent Plaintiff also seeks to assert a claim against Defendant Bond based on "vulgar language" or verbal abuse, the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th. Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Therefore, a claim against Defendant Bond based on vulgar language or verbal abuse must be dismissed for failure to state a claim upon which relief may be granted.

### 2. "§ 1983 Refusal and Neglect to Prevent Harm"

In connection with this claim, Plaintiff alleges as follows:

[Defendants Ferguson and Crews] knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, discipline on a continuing basis, and/or implement appropriate policy or procedure guiding, defendants' officers in their duties to refrain from:

      a. Unlawfully and maliciously harassing inmate who was acting in accordance with their constitutional and statutory rights, privileges, and immunities; and/or

      b. Unlawfully conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the United States Constitution; and/or

      c. Otherwise depriving Plaintiff of his constitutional, statutory rights, privileges, and immunities.

Plaintiff also asserts that Defendants Ferguson and Crews "had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs done . . . were about to be committed." He alleges these Defendants are also liable under the doctrine of *respondeat superior*.

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*,

556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).   Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  Moreover, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'"  *Id.* (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Plaintiff does not allege that Defendant Ferguson or Crews was personally involved in the alleged excessive force incident.  His allegations are based on their supervisory authority over Defendant Bond, and the claims against them must be dismissed for failure to state a claim upon which relief may be granted.

To the extent Plaintiff alleges that these Defendants "[u]nlawfully conspire[ed] to violate the rights, privileges, and immunities guaranteed to Plaintiff by the United States Constitution[,]" "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  Plaintiff's allegation of conspiracy is wholly conclusory and not sufficient to survive initial review.  Nowhere in Plaintiff's complaint does he plead the "specifics" of any alleged conspiracy such as "when, where, or how the defendants conspired."  *Perry v. Southeastern Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005).

6

Therefore, his claims based on a conspiracy between Defendants must be dismissed for failure to state a claim.

### 3. Deliberate indifference

With regard to Plaintiff's deliberate indifference claim, Plaintiff states that "all defendants acted in bad faith and disregarded Plaintiff's Constitutional right to be free from physical harm when [Defendant Bond] Grabbed Plaintiff by the throat and Slammed Plaintiff to the ground and suffer severe pain which constitutes violations to the Eighth Amendment and the Deliberate Indifference Clause."

Under the Eighth Amendment, prison officials are obligated "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). For a plaintiff to establish a violation of this right, the alleged deprivation must be "objectively, sufficiently serious," and the prison official's "state of mind is one of deliberate indifference to inmate health or safety." *Id.* at 834 (internal quotation marks and citations omitted).

Assuming that Plaintiff's allegations meet the objective component for stating a deliberate indifference claim, the subjective element focuses on whether prison officials know that inmates face a substantial risk of harm and "disregard[] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id.* at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. It is not enough that the official "should" have perceived a significant risk but did not. *Id*.

Plaintiff does not allege that Defendants Ferguson and Crews were subjectively aware of Defendant Bond's alleged use of excessive force on Plaintiff.  Accordingly, Plaintiff's deliberate indifference claim must be dismissed fore failure to state a claim.

## 2. State-law claims

### A. Negligence and gross negligence

Plaintiff also alleges negligence and gross negligence against Defendants Ferguson and Crews.  In regard to his negligence claim, Plaintiff alleges that Defendants Ferguson and Crews "owed a duty of care to the Plaintiff to hire, train and supervise the Correctional employees involved on Plaintiff's detention and confinement, and to take steps to prevent the injuries described herein."  He states that they breached this duty of care by "a. Failing to use care in hiring said Correctional/medical employees, and/or [] b. Failing to properly train said Correctional/medical employees, and/or [] c. Failing to supervise said Correctional/medical employees to ensure their conduct met the ordinary standard of care."  Plaintiff further states, "Defendants breached their duties by failing to exercise even slight care in exercising the above-listed duties, including showing a reckless or wanton indifference to Plaintiff's constitutional and statutory rights."  He states that this breach of duty was the "actual and proximate cause of the injuries sustained by Plaintiff."

With respect to his gross negligence claim, Plaintiff alleges that Defendants Ferguson and Crews had a duty of care as follows:

> a. to refrain from knowingly taking actions within their sphere of official responsibilities that would violate the Plaintiff's constitutional rights; [] b. to refrain from acting with malicious intent to cause a deprivation of Plaintiff's constitutional rights or other injury; and c. to refrain from knowingly and recklessly disregarding Plaintiff's serious medical condition as it continued to deteriorate for hours.

He alleges that these Defendants breached their duty of care "when they failed to exercise reasonable care in carrying out their responsibilities and official duties, with respect to Plaintiff's rights[]" and showed a "reckless or wanton indifference to Plaintiff's rights." He maintains that this breach of duty was the actual and proximate cause of his injuries.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cnty. Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Plaintiff's allegations of negligence and gross negligence are conclusory and merely set forth the elements of the causes of action. The complaint contains no factual enhancement to support the conclusory allegations, such as allegations as to what, if any, role Defendant Ferguson or Crews—the RCC Warden and Commissioner of KDOC, respectively—had in hiring, training or supervising Defendant Bond. Therefore, Plaintiff's claims of negligence and gross negligence will be dismissed for failure to state a claim upon which may be granted.

### B. Intentional infliction of emotional distress

Finally, Plaintiff alleges claims for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress under Kentucky law, a plaintiff must allege

that (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there was a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788-89 (recognizing that there is a high threshold necessary to make out a prima facie case of intentional infliction of emotional distress, *i.e.,* "that the conduct at issue must be a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community" and that the conduct must be "extreme and outrageous") (quotations omitted) (citing *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990)).

Plaintiff has failed to allege that any Defendant's conduct was so outrageous and intolerable that it offended the generally accepted standards of decency and morality. Moreover, reading the complaint in a light most favorable to Plaintiff, he has again made only conclusory and factually unsupported allegations that Defendants' alleged conduct caused him to suffer mental distress. Once again, conclusory allegations "devoid of 'further factual enhancement[]'" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). For these reasons, Plaintiff's claims for intentional infliction of emotional distress will be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against KDOC and his official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims based on verbal abuse and claims for "§ 1983 Refusal and Neglect to Prevent Harm," conspiracy, deliberate indifference, negligence, gross negligence, and intentional infliction of emotional distress are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is directed** to terminate KDOC, Ferguson, and Crews as Defendants in the docket sheet as no claims remain against them.

The Court will enter a separate Service and Scheduling Order to govern the claim that has been permitted to proceed.

Date:   August 30, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendant Bond
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel, as directed above
4414.010

11